IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. ALEX HALDERMAN,

      Plaintiff,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,
CHARLES    HERRING,    ROBERT
HERRING, SR., and CHANEL RION,

      Defendants.

Case No. 2:24-mc-51057-DML-DRG

Judge: David M. Lawson
Mag. Judge: David R. Grand

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO QUASH OR MODIFY NON-PARTY
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION OR
IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

**Page(s)**

INDEX OF AUTHORITIES ....................................................................... ii

INTRODUCTION ...................................................................................... 1

1.    None Of OAN's Arguments Relieve The Undue Burden ...................... 2

2.    Dr. Halderman's Anticipated Testimony Is Not Relevant
      To The Claims Or Defenses In The Defamation Matter –
      Let Alone Essential ............................................................................ 3

3.    OAN Seeks Uncompensated Expert Testimony,
      Not Mere Facts .................................................................................... 6

CERTIFICATE OF SERVICE ................................................................. 9

Appendix to Certificate of Service ........................................................ 10

i

# <u>INDEX OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Cases</u>

*Anker v. G.D. Searle & Co.*,
  126 F.R.D. 515, 520 (M.D.N.C. 1989) ............................................................4,5

*Curling v. Raffensperger,*
  493 F. Supp. 3d 1264, 1277, 1279-81 (N.D. Ga. 2020).................................3,7

*Westinghouse Elec. Corp. v. Carolina Power & Light Co.*,
  No. CIV. A. 91-4288, 1992 WL 370097,
  at *1 (E.D. La. Nov. 30, 1992).......................................................................5

### <u>Court Rules</u>

Fed. R. Civ. P. 45(d)(3)(B)...............................................................................6
Fed. R. Civ. P. 45(d)(3)(C)...............................................................................6

## __INTRODUCTION__

In opposing Dr. Halderman's motion to quash or modify OAN's Amended Subpoena, ECF No. 15 ("Opposition" or "Opp."), OAN magnifies the relevance of his cybersecurity expertise to this defamation case; soft-pedals court orders restricting what he may disclose; even as ballots are cast, whistles past the grave danger unauthorized use of his testimony poses in this contentious political climate – a concrete concern with immediate-past precedent; and rejects any and all modifications to an unbounded deposition, governed only by OAN's discretion. None of their arguments refute Dr. Halderman's explanation that the specific burdens placed on him by the Amended Subpoena, in these matters and in these circumstances, are undue and unlawful. Nor do they rebut the obvious conclusion that his deposition, however, couched in terms of personal knowledge and "facts," would require his expert opinion or information not addressing *specific* occurrences in dispute resulting from unrequested, unretained study. Nor do they even try to show a substantial need for his testimony, well beyond the public reports and other-case testimony provided to them, sufficient to outweigh the undue hardship he bears. And only in the Opposition has OAN belatedly offered a written commitment either to avoid certain subject matter (and even then only "privileged" material) or to compensate Dr. Halderman for his time (and even then only time spent under oath).

Because the burdens OAN places upon Dr. Halderman are undue, unnecessary, unbalanced, and unmeritorious, the Court should quash the Amended Subpoena.

## 1.    None Of OAN's Arguments Relieve The Undue Burden

OAN claims Dr. Halderman has not made a "specific demonstration of facts" placing an undue burden upon him to testify. Opp. at 10-22. This is not so.

For one, the Opposition does not engage with Dr. Halderman's declaration in support of his Motion at all. There, Dr. Halderman provides specific facts briefly establishing his academic *bona fides*, where and in what circumstances he has been retained as an expert in subject matters of apparent interest to OAN, the limitations on that expertise regarding Dominion voting equipment specifically, and specific limitations on his conduct imposed by court order in the cases in which he has been retained. Halderman Decl., Ex. 2 to Motion, ECF No. 1-2.

OAN makes a passing reference to the "fulsome" protective order in the Consolidated Defamation Matters that they claim will protect Dr. Halderman's "interest in confidentiality." Opp. at 21-22. But his primary "interest" for purposes of undue burden analysis is not in mere confidentiality, but in adherence to court orders restricting what of his work he can discuss, in the crucible of a deposition or otherwise, on penalty of sanction.[1] Halderman Decl., ¶ 12.

---

[1] OAN argues that nothing in the Motion addresses how the protective order in the underlying litigation "might be deficient." Opp. at 22. This is wrong for two reasons.

2.    **Dr. Halderman's Anticipated Testimony Is Not Relevant To The Claims Or Defenses In The Defamation Matter – Let Alone Essential**

In conferrals with Dr. Halderman's counsel, OAN counsel represented that he sought "explanations" from Dr. Halderman about his expert reports issued pursuant to Antrim County and to *Curling v. Raffensperger*, 493 F. Supp. 3d 1264, 1277, 1279-81 (N.D. Ga. 2020) (**EX 1** -- Sparks Declaration, ¶ 8). Counsel asserted it was "hard" "in the abstract" to discuss what kinds of questions he might ask, lacking even an outline as of early September, and that "to an extent" perhaps he could live with objections in the moment of the deposition. *Id.* at ¶¶ 8-9. After Dr. Halderman's counsel informed OAN counsel of the impending Motion,[2] OAN counsel offered

---

*First*, the Motion addresses at length the sensitivity of "facts" and expertise OAN seeks. Dr. Halderman even provided (to the Court, and to OAN counsel in May) authority explaining why certain of the facts and opinion obtained pursuant to his expert retention in *Curling* could not be disclosed absent that court's blessing. ECF No. 1-2 at 54-80; Sparks Decl., ¶ 10(b). That authority even observes that the Defamation Matter has "limited factual overlap" with the matter for which Dr. Halderman was retained. *Id.* at 71-73 (*Curling*, Aug. 11, 2022 Order, ECF No. 1453 at 11-13). *Second*, the Motion expressly addresses and seeks alternative relief to lower the risk of unlawful disclosure of protected information protected by the very same protective order by OAN co-defendant Patrick Byrne and his disqualified but still operative counsel of record, Stefanie Lambert, to whom OAN sent notice of its testimonial subpoenas. Motion at 9, 30-32; Demorest Decl., Ex. 1-H (disqualification order and opinion) (ECF No. 1-1 at 339-349). OAN sparsely addresses this looming threat. *See* Opp. at 24-25; *see* Sparks Decl., ¶ 11.

[2] Dr. Halderman's Atlanta-based counsel provided courtesy copies of the Motion and supporting exhibits by email to OAN counsel the morning after the undersigned filed the same, followed up with OAN counsel to ensure he received timely service, and continues to represent Dr. Halderman, the Opposition's insinuations to the contrary notwithstanding. *See* Sparks Decl., ¶¶ 4, 13 & EX 1-A; Opp. at vii, 3, 4.

that he was not proposing to limit himself only to asking Dr. Halderman about these two reports, though they remained the "focal points." *Id.* at ¶ 12; *see also* Demorest Decl., ECF No. 1-1 at 33 (2024.09.09 email).

This matters because Dr. Halderman's knowledge about election cybersecurity and about Dominion voting systems may be proficient, but it is not "unique" such that only he possesses factual knowledge enabling OAN to defend itself in the Defamation Matter. *See* Halderman Decl., ¶¶ 7-8 & n.2. OAN relies on a 1989 North Carolina case observing the lack of a privilege against disclosure for a non-party witness solely due to facts pertaining to expertise or skill. Opp. at 20 (citing *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 520 (M.D.N.C. 1989)). The very next paragraph, however, distinguishes cases on which *Anker* expressly relied from this one, and indeed from *Anker* itself, where the Court *granted* the subpoena-respondent's motion to quash. *Anker,* 126 F.R.D. at 522. There, the *Anker* court observed that a court must be

> solicitous of the extra intrusion of the subpoena into the affairs of the involuntary expert or non-fact witness. Therefore, one important criterion is that the request only seek historical opinions or data and not require the non-party to analyze or re-analyze data and form a new opinion. Another critical factor concerns whether the expert is in a unique position to provide evidence not reasonably available from an alternative source which is essential to a claim or whether denial of discovery will result in an inability to meaningfully defend or cross-examine with respect to a claim.

*Id.* at 520. If OAN cannot subject Dr. Halderman to deposition about the inner workings of his expert analyses and reports, made public only *after* OAN broadcast allegedly defamatory statements, they are "far from being hog-tied in its preparation of a defense." *Westinghouse Elec. Corp. v. Carolina Power & Light Co.*, No. CIV. A. 91-4288, 1992 WL 370097, at *1 (E.D. La. Nov. 30, 1992) (citing *Anker*). The Opposition makes no such showing of necessity to its falsity or substantial-truth defenses beyond fleeting references in OAN's answer in the Defamation Matter to Dr. Halderman's well-known expertise in election security (and as with the rest of his declaration, the brief also omits the letter signed by dozens of experts disclaiming any evidence supporting 2020 election fraud, Halderman Decl. Ex. 2-B).

The Opposition also lacks authority or fact showing that Dr. Halderman knows or could comment on what damages might be due in this matter were liability found. *See* Opp. at vii, 6-7, 18 (claiming Dr. Halderman's testimony is relevant to damages in the Defamation Matter). Dr. Halderman is part of neither a voting systems company nor a broadcasting corporation. He is not in the market for any party, nor does he have any command of whether local jurisdictions purchase any election equipment at all or Dominion's specifically. His testimony will not make more or less likely any damages determination in the underlying defamation action.

5

3.      **OAN Seeks Uncompensated Expert Testimony, Not Mere Facts**

OAN claims to seek only "facts" based on personal knowledge – but the knowledge they seek derives from Dr. Halderman's expert performance. Pretermitting the question of undue burden, if OAN is after methods, techniques, and facts that are not disclosed on the face of his reports, their demand necessarily runs afoul of Rule 45(d)(3)(B) because it requires "disclosing an unretained expert's opinion *or information* that does not describe *specific occurrences in dispute* and *results from the expert's study* that was not requested by a party," all met here.[3] OAN does not even try to demonstrate substantial need or undue hardship pursuant to Rule 45(d)(3)(C).[4]

---

[3] It is worth noting that Dr. Halderman did not waive and did not intend to waive his right to object to any of OAN's subpoenas at any point on any ground except for service of process. Sparks Decl., ¶¶ 6-7; Demorest Decl., Ex. 1-C, 1-G (all correspondence with OAN counsel between May and September 2024); *see also* Ex. 1-A, 1-B, 1-F (OAN subpoenas to Dr. Halderman). The assertion that Dr. Halderman "agreed" to testify is simply wrong. Opp. at vii, 4, 7. Notably, OAN counsel's declaration given in support of the Opposition omits this assertion. ECF No. 14-2.

[4] To the extent OAN argues they must explore Dr. Halderman saying one thing in private and another in public about the cause of briefly reported incorrect presidential election results in Antrim County, Michigan, they are inventing a contradiction. The lack of disagreement about the consequences of the compounding of human error, software design, and gaps in election procedure – and the absence of any evidence of nefarious conduct or "Italygate" and similar conspiracy theories– is amply explained in the exhibits OAN attaches with its Opposition. *Compare* Opp. at 13 (claiming "a different tune" sung in social media posts than in private emails) *with* Edwards Decl., Ex. 1-D, 1-G, 1-H, 1-I, 1-K, 1-M (social media, email correspondence, and deposition testimony stating consistent understanding of Antrim County incident among Dominion personnel, the State of Michigan, and Dr.

The Opposition also scrambles the timeline of the sources of Dr. Halderman's purported purely factual knowledge. The "blog post," for example, Opp. at 6, 15, is drawn from two sources: his 2021 *Curling* expert report, which was sealed until days before the "blog post" was published, and the CISA advisory, also drawn from this report and subsequent court-ordered coordination with CISA.[5] Other public statements cited by OAN are about Dr. Halderman's expertise writ large, not about conspiracy theories broadcast by OAN.[6]

---

Halderman); *see also* Ex. 1-E, 1-F (initial and peer-reviewed Antrim County expert reports). Counsel refrain from further description in this Reply of exhibits under seal.

[5] Unfortunately, the Opposition strays from the facts in several respects. To name three: the first Subpoena set a deposition date of September 26 (Demorest Decl., Ex. 1-A) – after the date used for planning purposes in the Amended Subpoena and certainly not "early September." Opp. at 4. Further, the first time OAN agreed in writing to "limit its [deposition] questions to [Dr. Halderman's] publicly available statements," *id.*, was in these opposition papers, even though the applicable protective orders raising untenable peril for Dr. Halderman in a deposition were brought to OAN counsel's attention months ago. Demorest Decl., Ex. 1-C at 33; Sparks Decl., ¶ 10(b). And as noted *supra*, Dr. Halderman never "changed counsel" or "reneged" on agreements that did not exist, much less "agreed' in advance to an objectionable deposition or "strung along" counsel. Opp. at 4, 7, 23.

[6] OAN includes a screenshot framing Dr. Halderman and claims he is "quoted" in an allegedly defamatory broadcast. Opp. at 1-2, 12. This is misleading. The audio of his voice and the screenshot it used originate in an *April 2018* video essay published by the New York Times. It features voting equipment belonging to a rival company, not to Dominion. And Dr. Halderman is never named in the broadcast, made five days *after* he and dozens of other election security specialists called claims like OAH's "unsubstantiated" and "technically incoherent." Halderman Decl., Ex. 2-B. It did not and could not have related to OAN's statements about the 2020 election.

Accordingly, Dr. Halderman respectfully requests that the Court quash OAN's Amended Subpoena, or in the alternative only, modify it as specified in or issue a protective order providing the relief requested by his Motion.

Respectfully Submitted,

DEMOREST LAW FIRM, PLLC

By: /s/ Mark S. Demorest
Mark S. Demorest (P35912)
Attorneys for Respondent
322 W. Lincoln Ave.
Royal Oak MI 48067
(248) 723-5500
Dated:  October 21, 2024            mark@demolaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record, and further that that I have on this date caused to be served a copy of the foregoing document by email (unless otherwise specified) to the following:

**See Appendix**

DEMOREST LAW FIRM, PLLC

By: _/s/ Mark S. Demorest_
Mark S. Demorest (P35912)
Attorneys for Respondent
322 W. Lincoln Ave.
Royal Oak MI 48067
(248) 723-5500
mark@demolaw.com

Dated:  October 21, 2024

Primerus/Alex Halderman (1593)/1 Draft Pleadings/2024 10 21 Reply Brief ISO Halderman Motion to Quash or Modify (FINAL).docx

## Appendix to Certificate of Service

**Carl C. Butzer**
**Jonathan D. Neerman**
**Minoo Sobhani Blaesche**
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
cbutzer@jw.com
jneerman@jw.com
mblaesche@jw.com

**Joshua A. Romero**
**Sean F Gallagher**
JACKSON WALKER LLP
100 Congress Avenue, Ste 1100
Austin, TX 78701
jromero@jw.com
sgallagher@jw.com

**Eve Levin**
**Stephen Shackelford , Jr.**
**Christina Dieckmann**
**Mark Hatch-Miller**
**Zachary Savage**
SUSMAN GODFREY L.L.P.
One Manhattan West
395 9th Avenue, Ste 50th Floor
New York, NY 10001
elevin@susmangodfrey.com
sshackelford@susmangodfrey.com
cdieckmann@susmangodfrey.com
mhatch-miller@susmangodfrey.com
ZSavage@susmangodfrey.com

**Charles L. Babcock**
**Bethany Pickett Shah**
**Christina Marie Vitale**
**Gabriela Barake**
**Joel Glover**
**John K. Edwards**
**Nancy W. Hamilton**
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010
cbabcock@jw.com
bpickett@jw.com
cvitale@jw.com
gbarake@jw.com
jglover@jw.com
jedwards@jw.com
nhamilton@jw.com

**R. Trent McCotter**
BOYDEN GRAY PLLC
801 17th Street, N.W., Suite 350
Washington, DC 20006
tmccotter@boydengray.com

**M. Theodore Takougang**
**Marcellus Antonio McRae**
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
ttakougang@gibsondunn.com
mmcrae@gibsondunn.com

10

**Jonathan J. Ross**
**Elizabeth B. Hadaway**
**Laranda Walker**
**Mary Kathryn Sammons**
**Florence Chen**
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
jross@susmangodfrey.com
ehadaway@susmangodfrey.com
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
fchen@susmangodfrey.com

**Davida Brook**
**Brittany Fowler**
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
dbrook@susmangodfrey.com
bfowler@omm.com

**Edgar Sargent**
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101-3000
esargent@susmangodfrey.com

**Barry Coburn**
COBURN & GREENBAUM, PLLC
1710 Rhode Island Avenue, NW
2nd Floor
Washington, DC 20036
barry@coburngreenbaum.com

**Ashley E. Johnson**
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
ajohnson@gibsondunn.com

**William C. Haggerty**
**Katherine Harwood**
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, 27th Floor
Long Beach, CA 90831
bill@fwhb.com
kharwood@fwhb.com

**Joshua A. Mooney**
KENNEDYS CMK LLP
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Joshua.Mooney@kennedyslaw.com

**Marc Casarino**
KENNEDYS CMK LLP
919 North Market Street, Ste 1550
Wilmington, DE 19801
marc.casarino@kennedyslaw.com

**Michael J. Tricarico**
KENNEDYS CMK LLP
570 Lexington Avenue, Suite 8th Floor
New York, NY 10022
Michael.Tricarico@Kennedyslaw.com

**David C. Tobin**
TOBIN, O'CONNOR & EWING
5335 Wisconsin Avenue, N.W.
Suite 400
Washington, DC 20015
dctobin@tobinoconnor.com

**Douglas A. Daniels**
**Heath Novosad**
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, TX 77057
doug.daniels@dtlawyers.com
heath.novosad@dtlawyers.com

**Patrick Byrne**
9810 East Martha Rd.
Alta, UT 84092
*(by U.S. first-class mail)*

**Teresa Marie Cinnamond**
KENNEDYS CMK LLP
120 Mountain View Blvd.
P.O. Box 650
Basking Ridge, NJ 07920
teresa.cinnamond@kennedyscmk.com

**Lawrence J. Joseph**
LAW OFFICE OF LAWRENCE J. JOSEPH
1250 Connecticut Avenue, NW
Suite 700-1A
Washington, DC 20036
ljoseph@larryjoseph.com

**Joel Erik Connolly**
**Nicole Wrigley**
**Emily Newhouse Dillingham**
**Martin Vincent Sinclair , Jr.**
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
edillingham@beneschlaw.com
mvs@sperling-law.com

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| J. ALEX HALDERMAN, | |
| Plaintiff, | |
| | Case No. 2:24-mc-51057-DML-DRG |
| v. | |
| | Judge: David M. Lawson |
| HERRING NETWORKS, INC., D/B/A | Mag. Judge: David R. Grand |
| ONE AMERICA NEWS NETWORK, | |
| CHARLES HERRING, ROBERT | |
| HERRING, SR., and CHANEL RION, | |
| Defendants. | |

## DECLARATION OF ADAM M. SPARKS

I, ADAM M. SPARKS, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States as follows:

1.     I am over the age of 18 and competent to make this declaration.

2.     I am an attorney in good standing with the bars of the States of Georgia and New York and a member of the law firm of Krevolin & Horst, LLC in Atlanta, Georgia ("K&H"). K&H represents Plaintiff J. Alex Halderman, Ph.D., alongside counsel of record Demorest Law Firm, PLLC.

3.     I give this declaration in support of Dr. Halderman's pending motion to quash or modify in the above-captioned action (the "Motion"). I have personal knowledge of the facts stated herein.

4.     K&H has acted as Dr. Halderman's counsel in connection with the subpoenas at issue in the above-captioned action and remains of counsel to Dr. Halderman.

5.     I conferred with John K. Edwards of Jackson Walker LLP, counsel for Defendants, regarding three subpoenas served on Dr. Halderman by email to me from April 2024 through September 2024.

6.     As Attorney Edwards references in his October 10, 2024 Declaration (ECF No. 14-2), he agreed on August 14, 2024 to accommodate Dr. Halderman's teaching schedule should the deposition go forward. Edwards Decl., ¶ 4; *see* Ex. 1-C to Demorest Decl. (ECF No. 1-1) at 39-40. This resulted in the issuance, and my acceptance of service on Dr. Halderman's behalf, of the Amended Subpoena commanding a deposition on September 25, 2024 in Ann Arbor, Michigan. *See id.*; *see also* Ex. 1-B to Demorest Decl.

7.     At no point in our conferrals, verbal or written, did either Dr. Halderman or I waive any of his rights to object to the Subpoena or to the Amended Subpoena on any grounds other than service of process.

8.      Attorney Edwards and I conferred about the Amended Subpoena via telephone on September 3 and on September 5, 2024. During the September 3 conferral, Attorney Edwards represented that the foci of the deposition would be explanations of Dr. Halderman's knowledge concerning two expert reports now available in the public record: one to do with certain reporting errors in Antrim County, Michigan during the 2020 general election, and one to do with his close examination of certain voting equipment and software sold by Dominion Voting Systems and/or its affiliates filed in *Curling v. Raffensperger,* CAF No. 1:17-cv-2989-AT (N.D. Ga.). Attorney Edwards stated it would be "hard" to describe the types of questions he would ask "in the abstract," lacking even an outline at this time.

9.      During the September 5 conferral, Attorney Edwards reaffirmed his intent to explore the scope of what Dr. Halderman did in developing these two expert reports and to seek explanations in language a layperson serving on a jury might understand. He stated his intention to limit his inquiry to information already in the public record, though he would "expound on it" to the limits permitted by privilege and by protective orders. He stated he would "live with objections to an extent" though it was hard to discuss these ahead of time and he did not know how to seek court permission to explore certain topics before any such deposition began.

10.    As I informed Attorney Edwards repeatedly, and as the public record as cited in the Motion and its supporting declarations demonstrates:

    a. the work performed to create these two reports resulted directly and exclusively from Dr. Halderman's retention on behalf of the Michigan Department of Attorney General in the matter of *Bailey v. Antrim Cnty.*, case no. 20-009238-CZ (Antrim Circuit Ct., Mich.) and separately from his retention by certain plaintiffs in *Curling*; and

    b. Dr. Halderman is subject to multiple protective orders and orders sealing testimony constraining him from disclosing certain information gained or techniques used in the course of his expert duties, including but not limited to orders issued in each of the *Bailey* and *Curling* cases, which I first provided to Attorney Edwards via email on May 6, 2024.

11.    When I raised concerns about attorney Stefanie Lambert having disclosed confidential documents produced in the Consolidated Defamation Matters in violation of the Amended Protective Order, in conferrals on May 2 (regarding the documents subpoena) and on September 5 (regarding the Amended Subpoena), Mr. Edwards told me in essence that he tried not to know much of anything about Ms. Lambert or her client, Patrick Byrne.

12.     On September 10, after the Motion was filed, I spoke briefly with Attorney Edwards, who stated his clients had more that they wanted to ask Dr. Halderman about than the two expert reports, though these reports remained the "focal points."

13.     A true, correct, and complete copy of my email correspondence with counsel John K. Edwards of Jackson Walker, LLP post-dating the filing of the Motion on September 10, 2024 is attached as Exhibit 3-A.

FURTHER DECLARANT SAYETH NOT.

This 21st day of October, 2024.

_____
ADAM M. SPARKS

# EXHIBIT 1-A

**Adam M. Sparks**

| | |
|---|---|
| **From:** | Adam M. Sparks |
| **Sent:** | Wednesday, September 11, 2024 11:45 AM |
| **To:** | Edwards, John |
| **Cc:** | Halsey G. Knapp, Jr.; Mark Demorest; Daniella P. Stucchi; Robbin Nickerson |
| **Subject:** | RE: Deposition Subpoena to Dr. Alex Halderman - US Dominion et al. v. Herring Networks et al., No. 1:21-cv-2130-CJN (D.D.C.) |

John, I just sent you file-stamped copies in the email immediately below in this thread. If they were too large and you didn't receive them, or have trouble opening them, please let us know.

Thanks,



Adam M. Sparks
Litigation, Regulation, Election Law
D: 404-835-8067
Email: sparks@khlawfirm.com

www.khlawfirm.com



*A Member of Primerus International Society of Law Firms*

*The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of client(s) represented by Krevolin & Horst, LLC the particular matter that is the subject of this message, and may not be relied upon by any other party.  Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

**From:** Adam M. Sparks
**Sent:** Wednesday, September 11, 2024 11:44 AM
**To:** 'Edwards, John' <jedwards@jw.com>
**Subject:** RE: Deposition Subpoena to Dr. Alex Halderman - US Dominion et al. v. Herring Networks et al., No. 1:21-cv-2130-CJN (D.D.C.)

John, please attached file-stamped copies of the motion to quash or modify filed yesterday in the Eastern District of Michigan.

Adam M. Sparks
Litigation, Regulation, Election Law
D: 404-835-8067
Email: sparks@khlawfirm.com

1

www.khlawfirm.com





*A Member of Primerus International Society of Law Firms*

*The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of client(s) represented by Krevolin & Horst, LLC the particular matter that is the subject of this message, and may not be relied upon by any other party. Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 10, 2024 3:36 PM
**To:** Adam M. Sparks <sparks@khlawfirm.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Mark Demorest <mark@demolaw.com>
**Subject:** RE: Deposition Subpoena to Dr. Alex Halderman - US Dominion et al. v. Herring Networks et al., No. 1:21-cv-2130-CJN (D.D.C.)

Playing phone tag - call when you can: 713-553-7951.

**From:** Adam M. Sparks <sparks@khlawfirm.com>
**Sent:** Monday, September 9, 2024 12:32 PM
**To:** Edwards, John <jedwards@jw.com>
**Cc:** Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Mark Demorest <mark@demolaw.com>
**Subject:** RE: Deposition Subpoena to Dr. Alex Halderman - US Dominion et al. v. Herring Networks et al., No. 1:21-cv-2130-CJN (D.D.C.)

Caution: **External Email.

John,

I appreciate your time on our conferrals this past week. I have spoken with Dr. Halderman since you and I conferred last Thursday.

Unfortunately, I do not see us reaching agreement. I understand you conceive of this deposition as a way to investigate the facts of what Dr. Halderman did and learned in the course of writing his March 2021 report in *Antrim County v. Bailey* (published as peer-reviewed research in August 2022) and his July 2021 report in *Curling v. Raffensperger* (unsealed in June 2023), to answer your questions about them in terms a jury may understand better, and that you can more easily attempt to admit into evidence in your case against Dominion.

But that is just seeking Dr. Halderman's expert opinion in the guise of a fact deposition. He performed retained expert work in researching, analyzing, writing, and testifying about both of these reports. You fundamentally are seeking expert testimony without retaining Dr. Halderman as an expert. And you cannot compel him to provide that, certainly not on the showing so far.

2