UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| J. ALEX HALDERMAN,<br><br>　　　　Plaintiff,<br>v.<br><br>HERRING NETWORKS, INC., *et al.*,<br><br>　　　　Defendants. | No. 2:24-mc-51057<br><br>Hon. David M. Lawson<br>Mag. David R. Grand |

**SECOND MOTION FOR LEAVE TO FILE
MEDIA FILE EXHIBIT**

　　　　The defendants seek leave to file a second media file exhibit in further support of their motion for an indicative ruling under Federal Rule of Civil Procedure 62.1. In support of this motion, they state:

　　　　1.　　Filing users must file all papers electronically. E.D. Mich. LR 5.1.1(a); E.D. Mich. ECF R5(a). Exhibits filed electronically must comply with the Court's ECF Policies and Procedures. E.D. Mich. LR 5.1(d)(1).

　　　　2.　　The Court's ECF Policies and Procedures provide that media files—audio or video recordings that are presented in an .mp3 format, among others, E.D. Mich ECF R1(i)—may be filed only with leave of court. E.D. Mich ECF R19(c).

　　　　3.　　To obtain leave of court, a filing user must file a motion for leave in accordance with E.D. Mich. LR 7.1 and include five points of information. E.D. Mich ECF R19(c)(1)–(5).

　　　　4.　　First, the moving party must include a statement regarding concurrence under E.D. Mich. LR 7.1(a). E.D. Mich. ECF R19(c)(1). Counsel for Plaintiff J. Alex

Halderman does not concur in the relief requested in this motion.

5. Second, the moving party must describe the content of the media file. E.D. Mich. ECF R19(c)(2). The exhibit is an 109 second audio recording excerpted from [Episode 34](#) of the Audit 15 Fun podcast hosted by Jon Taber, which was published on August 25, 2022. In the excerpt, Mr. Taber discusses the meaning of "root cause" with his guest, Duke Okes, author of "Root Cause Analysis: The Core of Problem Solving and Corrective Action (2d ed., 2019)."

6. Third, the moving party must concisely explain how the media file factually supports the primary filing. E.D. Mich. ECF R19(c)(3). The media file will be attached to the defendants' reply brief. In response to the defendants' Rule 62.1 motion, counsel for Halderman, unsupported by a declaration from Halderman, makes certain representations and contentions regarding what qualifies as a "root cause." The excerpt will supply a more complete and relevant explanation of root cause that casts doubt on the explanation supplied by counsel.

7. Fourth, the moving party must state whether the media file has been or will be used in a court proceeding. E.D. Mich. ECF R19(c)(4). The media file has not been used in the instant court proceeding, but it may be used at oral argument on the Rule 62.1 motion. Counsel do not know whether this recording has been used in any other court proceeding.

8. Fifth, the motion party must state whether the content of the medial file complies with the privacy protections outlined in the eGovernment Act of 2022 and all other applicable law. E.D. Mich. ECF R19(c)(5). The privacy protections for filings made with the Court are governed by Fed. R. Civ. P. 5.2 and E.D. Mich.

Admin. Order 07-AO-030 (Nov. 30, 2007).  Counsel represent that no information subject to Fed. R. Civ. P. 5.2 appears in the media file.

9. The defendants have prepared an index of exhibits and a transcription of the audible portions of the media file, which are attached to the primary filing as required under E.D. Mich. ECF R19(3) (second numbered list in rule).

10. The defendants acknowledge that they must serve the media file on counsel for Dr. Halderman if the motion is granted.  E.D. Mich. ECF R19(c)(4) (second numbered list).  The defendants will promptly file a certificate of service if the Court grants leave.  E.D. Mich. ECF R19(c)(4) (second numbered list).

11. Because of the self-contained nature of this motion and the absence of any authority other than the rules cited herein, a separate brief would not aid the Court in ruling on this motion.  We therefore ask the Court to waive the briefing requirement.  E.D. Mich. LR 7.1(d)(1)(A) (allowing the Court to dispense with requirement).

Respectfully submitted,

BUTZEL LONG, P.C.

Dated:  March 5, 2025

/s/  *Joseph E. Richotte*

Joseph E. Richotte
Michigan Bar No. P70902
Jennifer A. Dukarski
Michigan Bar No. P74257
101 N. Main St. #200
Ann Arbor, MI  48104
(734) 995-3110
richotte@butzel.com
dukarski@butzel.com
*Counsel for the Herring Defendants*

200185073.1

|  |  |
|---|---|
|  | JACKSON WALKER, LLP |
| Dated:  March 5, 2025 | /s/ *Charles L. Babcock* |
|  | Charles L. Babcock  <br>Texas Bar No. 01479500  <br>Christina M. Vitale  <br>Texas Bar No. 24077610  <br>1401 McKinney St. #1900  <br>(713) 752-4200  <br>cbabcock@jw.com  <br>cvitale@jw.com  <br>*Counsel for the Herring Defendants* |